UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICKEY HICKS,

                Petitioner,                Case Number: 10-15161

v.                                      HON. ARTHUR J. TARNOW

MARY BERGHUIS,

                Respondent.
                                        /

## OPINION AND ORDER (1) CONSTRUING MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION AND (2) DENYING MOTION FOR RECONSIDERATION

      Petitioner Mickey Hicks filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Hicks challenged his conviction for unarmed robbery.  On June 21, 2013, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Granting in Part a Certificate of Appealability."  Petitioner has now filed a "Motion for Certificate of Appealability."  Because the Court already has decided this issue, the Court construes Petitioner's motion as requesting reconsideration of its decision.

      Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich.

2004).

The Court granted a certificate of appealability (COA) on Petitioner's ineffective assistance of counsel claim and denied a COA as to the remaining issues because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated upon such argument fails to allege sufficient grounds upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying in part a COA was based upon a palpable defect by which the Court was misled.

Accordingly, the Court DENIES Petitioner's "Motion for Certificate of Appealability" [dkt. # 13], which the Court has construed as a "Motion for Reconsideration."

S/Arthur J. Tarnow  
Arthur J. Tarnow  
Senior United States District Judge

Dated: October 15, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 15, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles  
Judicial Secretary