# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICKEY HICKS,

        Petitioner,        Case Number: 2:10-CV-15161

v.        HONORABLE ARTHUR J. TARNOW

MARY BERGHUIS,

        Respondent.
_____/

## ORDER

**(1) RECONSIDERING ORDER CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION;**

**(2) CONSTRUING MOTION FOR CERTIFICATE OF APPEALABILITY AS NOTICE OF APPEAL AND MOTION FOR RECONSIDERATION; AND**

**(3) DENYING PETITIONER'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL AS UNNECESSARY**

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Mickey Hicks challenges his unarmed robbery conviction.  On June 21, 2013, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Granting in Part a Certificate of Appealability."  Hicks then filed a "Motion for Certificate of Appealability."  The Court construed the motion as requesting reconsideration of the

decision granting a certificate of appealability only in part and denied reconsideration. *See* 10/15/2013 Order (dkt. # 14). Hicks has now filed a "Motion to Reopen the Time to File an Appeal."

Upon considering the Motion to Reopen the Time to File an Appeal, the Court concludes that the Court should have construed Hicks' Motion for Certificate of Appealability as a notice of appeal in addition to a motion for reconsideration. Rule 3(a)(1) of the Federal Rules of Appellate Procedure states that, "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time frame allowed by Rule 4." Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered." In this case, because it is clear that Petitioner filed his motion within the 30-day time limit and the 30-day time period has since expired without Petitioner filing a separate notice of appeal, the question is whether the Court may treat the motion as a notice of appeal.

The United States Supreme Court has held that the requirements of Federal Rule of Appellate Procedure 3(c), which governs the contents of a notice of appeal, are to be "liberally construed." *Smith v. Barry*, 502 U.S. 244, 248 (1992). A notice of appeal must "specifically indicate the litigant's intent to seek appellate review."

2

*Id.* at 248. But, this requirement should not be used to dismiss an appeal for "'informality of form or title of the notice of appeal.'" *Id.* at 249, *quoting* Rule 3(c)(4). "Functional rather than formalistic compliance [with Rule 3(c)] is all that is required." *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006). The purpose of a notice of appeal is "to ensure that the filing provides sufficient notice to other parties and the courts." *Id.* at 248. In accordance with this purpose, the standard for determining whether Rule 3(c)'s requirements have been met is "'whether it is objectively clear that a party intended to appeal.'" *Id. quoting* Fed. R. App. P. 3(c) advisory committee's note, 1993 Amendments.

The Sixth Circuit previously has held that a pro se application for a certificate of probable cause (the precursor to and functional equivalent of an application for a certificate of appealability) filed within the time limits of Fed. R. App. P. 4(a) may serve as a notice of appeal. *McMillan v. Barksdale*, 823 F.2d 981, 982-23 (6th Cir. 1987). *Accord Lee v. Williamson*, 297 F. App'x 147, 148 n.2 (3rd Cir. 2008) (treating motion for certificate appealability filed within twelve days of the district court's order denying habeas petition as a timely filed notice of appeal); *Carson v. Director of Iowa Dept. of Corrections*, 150 F.3d 973, 975 (8th Cir. 1998) (holding that request for certificate of appealability filed within Rule 4's time limit was the functional equivalent of a notice of appeal because it fulfilled Rule 3's notice requirements);

*Marmolejo v. U.S.*, 196 F.3d 377, 378 (2d Cir. 1999) (a certificate of appealability may be construed as a notice of appeal); *Knox v. Wyoming*, 959 F.2d 866, 867 n.1 (10th Cir. 1992) (motion for certificate of probable cause can serve "double duty" as a misfiled notice of appeal); *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991); *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (same); *Thames v. Dugger,* 848 F.2d 149, 150 (11th Cir. 1988) (same).

In this case, the content of the Motion for Certificate of Appealability makes it objectively clear that Hicks intended to appeal the Court's dismissal of his habeas corpus petition. The motion also provides notice both to the Respondent and to the courts as to what is being appealed and to which court. Accordingly, the Court construes Petitioner's motion as a timely notice of appeal and orders the Clerk of Court to follow the service procedures set forth in Fed. R. App. P. 3(d).

The Court denies Hick's request for reconsideration of the denial of a certificate of appealability as to all but his ineffective assistance of counsel claim for the reasons set forth in the 10/15/2013 Order denying reconsideration.

Accordingly, Petitioner's "Motion for Certificate of Appealability" (dkt. # 13), is construed as a request for reconsideration and a notice of appeal. The request for reconsideration is DENIED. The Clerk of Court is directed to serve the notice of appeal in accordance with Fed. R. App. P. 3(d).

Petitioner's "Motion to Reopen the Time to File an Appeal" (dkt. # 15) is DENIED AS UNNECESSARY.

SO ORDERED.

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2014